# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MAURICE DARNELL TYLER, ) | |
| ) | |
| Petitioner, ) | Case No. 3:10-1187 |
| ) | Chief Judge Haynes |
| v. ) | |
| ) | |
| GAYLE RAY, Commissioner of ) | |
| Corrections and HENRY STEWARD, ) | |
| Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court are Respondent's motion to alter or amend (Docket Entry No. 38) and motion for a stay (Docket Entry No. 39) to which petitioner has filed a response. (Docket Entry No. 42).

In his motion to alter or amend, Respondent contends, in sum, that any testimony of Jonathan Wing would have been cumulative evidence and Petitioner's trial counsel made a "strategic choice not to inundate the jury with" such cumulative evidence. (Docket Entry No. 38 at 2). Respondent asserts that trial counsel's "choice not to present additional evidence as to co-defendant Christopher Schultz's confession was strategic" because "he believed Schultz's testimony and prior taped statement were 'pretty moving' and 'convincing.'" Id. (citing Docket Entry No. 24-12, Transcript of Post Conviction Hearing Transcript at 76-77).

From the Court's review, the cited testimony related to the proof that Schultz was the shooter and did not concern whether Petitioner's trial counsel's decision whether to call Jonathan Wing as a witness. When asked whether he considered calling Mr. Wing as a witness, Petitioner's trial

1

counsel stated "I don't know if I sat there and I do I call [sic] Justin Johnson, no, I'm not going to call, but do I call Jon Wing, no, I'm not going to call." Id. at 100. At the post-conviction hearing, trial counsel testified that he wished he had called Mr. Wing. Id. In a word, the factual record does not support Respondent's characterization that Petitioner's trial counsel made a "strategic" decision. Although the transcribed language here causes some grammatical confusion, trial counsel repeated that many of his decisions were not necessarily "strategic." (See, e.g., Docket Entry No. 24-12, Transcript of Post Conviction Hearing, Bruno, at 105 ("Well, again, I — I don't recall making that specific conscious decision do I call Putnam or not.")).

The Court concludes that the state record does not support a characterization of Petitioner's trial counsel's failure to call Wing as a strategic decision. Moreover,

> [d]espite the strong presumption that defense counsel's decisions are guided by sound trial strategy, it is not sufficient for counsel to merely articulate a reason for an act or omission alleged to constitute ineffective assistance of counsel. The trial strategy itself must be objectively reasonable. See Strickland, 466 U.S. at 681, 104 S.Ct. at 2061. This Court recently stated:
>
>> [T]he noun "strategy" is not an accused lawyer's talisman that necessarily defeats a charge of constitutional ineffectiveness. The strategy, which means "a plan, method, or series of maneuvers or stratagems for obtaining a specific goal or result," Random House Dictionary 1298 (Rev.ed.1975), must be reasonable. It need not be particularly intelligent or even one most lawyers would adopt, but it must be within the range of logical choices an ordinarily competent attorney ... would assess as reasonable to achieve a "specific goal."

Miller v. Francis, 269 F.3d 609, 616 (6th Cir. 2001) (quoting Cone v. Bell, 243 F.3d 961, 978 (6th Cir.2001) and citing Washington v. Hofbauer, 228 F.3d 689, 704 (6th Cir.2000)). Thus, the Respondent cannot simply incant that Petitioner's trial counsel made a strategic decision. Bledsoe v. Bruce, 569 F.3d 1223, 1236 (10th Cir. 2009) ("the mere incantation of 'strategy' does not insulate

attorney behavior from review."(quoting Brecheen v. Reynolds, 41 F.3d 1343, 1369 (10th Cir.1994) with internal quotations and citation omitted).

The Court remains persuaded that Ramonez v. Berghuis 490 F.3d 482, 491 (6th Cir. 2007) applies here and the facts before the state courts compel granting Petitioner the writ of habeas corpus.

As to Respondent's motion to stay (Docket Entry No. 39), Respondent does not assert any errors in the Court's judgment and Respondent's assertions in his motion to alter or amend are without factual or legal merit. Rule 23(c) of the Federal Rules of Appellate Procedure creates a presumption that a habeas petitioner who prevails in the district court shall be released pending the State's appeal. Specifically, Rule 23(c) states:

> Release Pending Review of Decision Ordering Release. While a decision ordering that the release of a prisoner is under review, the prisoner must - unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court order otherwise - be released on personal recognizance, with or without surety.

Fed.R.App.P. 23(c). See Hilton v. Braunskill, 481 U.S. 770, 774 (1987) ("Rule 23(c) undoubtedly creates a presumption of release from custody" pending appeal).

In Braunskill, the Supreme Court listed several factors on the stay issue: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 481 U.S. at 776. The State can overcome the presumption in favor of release, if these various factors "tip the balance against it." Id. at 777 As to the five enumerated factors the Court

stated:

> The balance may depend to a large extent upon determination of the State's prospects of success in its appeal. Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release. [cites omitted.] **Where the** Brecheen v. Reynolds, 41 F.3d 1343, 1369 (10th Cir.1994 **State's showing on the merits falls below this level, the preference for release should control.**

481 U.S. at 788 (emphasis added). Another consideration is "the state's interest in 'continuing custody and rehabilitation pending a final determination of the case on appeal, risk of flight absent a stay, and whether the prisoner's release absent a stay will pose a danger to the public." Avery v. Prelesnik, No. 1:04-cv-289, 2008 WL 108885, at *2 (W.D. Mich. Jan 7, 2008) (citing Braunskill, 481 U.S. at 777).

As to the first factor on the strength of the Respondent's showing of likelihood to succeed on the merits, for its conclusions, this Court relied upon decisions of the Sixth Circuit and several circuits that applied Strickland to conclude the trial's counsel's omission constituted deficient and prejudicial performance. As to the propriety of a stay, the Sixth Circuit has granted conditional writs based upon Strickland violations. Caldwell v. Lewis, 414 Fed. Appx. 809, 819 (6th Cir. 2011). A district court also possesses the inherent authority to release a habeas petitioner where there is a substantial claim of law and exceptional circumstances. Lee v. Jabe, 989 F.2d 869, 8771 (6th Cir. 1993). Here, under Sixth Circuit precedents applying Strickland, Petitioner presents a substantial claim to warrant habeas relief and Respondent has not made any showing to set aside the presumption that Petitioner is entitled to release if he is not retried within one hundred twenty (120) days from the date of the Court's earlier Order.

Accordingly, the Respondents' motions to alter or amend and to stay are **DENIED**.

It is so **ORDERED**.

**Entered** this the ____ day of June, 2014

William J. Haynes, Jr.
Chief United States District Judge